**William Grady NORTH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36354.**

Court of Criminal Appeals of Texas.

Jan. 29, 1964.

Rehearing Denied March 18, 1964.

Theo Pat Henley, San Antonio (On Appeal Only), for appellant.

James E. Barlow, Dist. Atty., James E. Hope, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced by two prior convictions for felonies less than capital, life.

The indictment alleged the burglary, on or about the 12th day of September, 1962, of a house occupied and controlled by Maria Gerhardt with intent to commit theft. It also alleged a prior conviction in Harris County on July 20, 1961, for the unlawful possession of narcotic paraphernalia and a conviction prior to the commission of that offense, in Criminal District Court of Bexar County, on June 21, 1954, for burglary with intent to commit theft.

The prior convictions were proved as alleged.

The validity of the conviction in Harris. County is attacked upon the ground that the indictment upon which the conviction was. had described the narcotic paraphernalia as. "an eyedropper and spoon."

The indictment alleged the unlawful possession for the purpose of subcutaneous injection of narcotic drugs in a human being,

"narcotic paraphernalia, to-wit, an eye-dropper and spoon adapted for such use."

■ The claimed defect in the indictment did not render the prior conviction void. The complaint as to its form comes too late.

The jury was properly instructed that the state relied upon circumstantial evidence and as to the law of principals.

Maria Gerhardt was the operator of Willie's Lounge, at the corner of Hackberry and Boyer in San Antonio. The Lounge closed about 12:30 A.M.

Police Officer R. S. Kosharek testified that as he approached the intersection of Hackberry and Boyer Streets he noticed a '55 Pontiac, two-tone dark and white colored, automobile approach on Boyer and turn south on Hackberry. There was but one person in the Pontiac.

The witness fixed the time as about 4 A.M. and testified that there was no traffic on the streets and this was the only automobile he had ever seen come out on Boyer at that time in the morning, other than an old Chevrolet driven by a baker going to work.

As he accelerated his speed with the intention of investigating, he noticed that the light at the back door of Willie's Lounge was out. He parked his squad car and went to the door to investigate. As he reached the door he heard noises in the Lounge " * * * of something heavy hitting the wood floor." He ran back to the squad car and notified the dispatcher and other officers in the area that he felt there were burglars in the Lounge.

While waiting for other officers to arrive, Kosharek went to the corner at the front of the Lounge in time to see the same '55 Pontiac move from the front door of the Lounge with two occupants. As the Pontiac left the parking area he noticed the front door of the Lounge standing slightly ajar. He then ran back to the squad car and radioed a description of the Pontiac

and the information that it was at the scene and he felt the burglars were fleeing.

Police Officer F. L. Whitley saw the '55 Pontiac as it was leaving the parking area of Willie's Lounge, pursued and overtook it. The appellant, who was driving the car, was told to return to Willie's Lounge, and he said he would. Officer Whitley testified that as he followed the Pontiac back toward the Lounge the appellant, instead of turning north toward the Lounge at an intersection, went south and then east, traveling at a high rate of speed.

Officer Whitley testified that he did not lose sight of the Pontiac during the flight and that after the Pontiac hit a dip in the street and was damaged, and after a shot was fired, the Pontiac driven by appellant stopped.

The appellant was searched and a large amount of change—quarters, nickles and dimes—was found. A search of the Pontiac resulted in finding a crowbar and pinch bar under the front seat and four cold bottles of beer on the left front floor board—two bottles of Pearl beer and two bottles of Falstaff.

The state's evidence further showed that the padlock was missing and the hasp had been pried loose from the wood at the front door of the Lounge.

On the inside of the Lounge a compartment of an ice box in which Pearl and Falstaff beer was kept was standing open, and the cover of the money compartment of a "juke box" which took nickles, dimes, quarters and half-dollars, was found on the floor. Also a canvas bag was gone.

Mrs. Gerhardt testified as to her ownership of the building and testified that she gave no one permission to enter it or take anything from it.

■ The evidence, viewed in the light most favorable to the state, is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.